IN THE UNITED STATES DISTRCIT COURT

FOR THE NORTHERN DISCTRICT OF WEST VIRGINIA

CLARKSBURG

FILED

OCT 05 2023

U.S. DISTRICT COURT-WVND
CLARKSBURG, WV 26301

**STACY L. BUTCHER**

    **Plaintiff,**

v.                                                Civil Case No.: 1:23-CV-73 (JUDGE KLEEH)

**MARION COUNTY BOARD OF
EDUCATION,**

    **Defendant.**

## AMENDED COMPLAINT

NOW COMES the Plaintiff, Stacy L. Butcher, and for her cause of action against the Defendant, Marion County Board of Education, pursuant to Rule 15 (A),(1),(B) of the Federal Rules of Civil Procedure and states and alleges as follows, to-wit:

1. Plaintiff, Stacy L. Butcher, (hereinafter "Plaintiff Butcher") is an adult individual, who now and at all times relevant herein resides in Marion County, West Virginia.

2. Based upon information and belief, Defendant Marion County Board of Education (hereinafter "MCBOE") has an address of 1516 Mary Lou Retton Drive, Fairmont, WV 26554. Defendant MCBOE establishes policies and rules to assure implementation of education goals and to ensure the general supervision, oversight, and monitoring of a thorough and efficient education system throughout the county of Marion in the State of West Virginia.

3. Upon information and belief at all times relevant herein, Plaintiff Butcher was hired by Defendant MCBOE on or about November 7, 2011, as a substitute custodian for Marion County Schools. Then, on or about August 21, 2013, Defendant MCBOE promoted

1

Plaintiff Butcher to the title of Custodian I/II for Marion County Schools.

4. Throughout the duration of her employment, Plaintiff Butcher completed all of her job duties in a satisfactory or above satisfactory manner and committed no separate dischargeable offense.

5. On or around November 4, 2019, Plaintiff Butcher was diagnosed with breast cancer. As a result of this diagnosis, Plaintiff Butcher has experienced symptoms and medication side effects including but not limited to extreme pain, pain in her lower-middle back, spinal stenosis, three herniated discs, and confusion which all temporarily affected her ability to continue her daily work routine without accommodation. Plaintiff Butcher has undergone chemotherapy and multiple surgeries as a result of the cancer. Each procedure undergone by Plaintiff Butcher has required a substantial recovery period afterward.

6. On or around December 16, 2019, Plaintiff Butcher was granted time off from December 19, 2019, until February 13, 2020, to undergo breast reconstruction surgery and chemotherapy.

7. At all times relevant herein, Plaintiff Butcher submitted time-off requests for her chemotherapy, surgical procedures, and/or radiation treatments as requested or required by Defendant MCBOE.

8. In or around the year 2020, Defendant MCBOE unexpectedly changed Plaintiff Butcher's job description to laborious tasks Plaintiff Butcher was unable to complete while dealing with the symptoms, treatment and side effects related to her diagnosis of breast cancer.

9. At all times from December 16, 2019, until July 1, 2021, Plaintiff Butcher submitted all requests for time off to the Superintendent of Defendant MCBOE, Randy Farley.

10. On or around July 1, 2021, Randy Farley retired as the Superintendent for Defendant MCBOE and was replaced by Dr. Donna Hage[1].

11. In or around August of 2021, the Administrative Assistant of Human Resources, Rockie DeLorenzo, emailed a memo to all employees of Defendant MCBOE regarding how to request non-paid leave. The details of this request included writing a letter to the superintendent requesting non-paid leave and submitting a tan physician's form signed by the physician.

12. At all times relevant herein, Plaintiff Butcher adhered to the aforementioned policy on each instance she requested leave from Defendant MCBOE.

13. On or around August 11, 2021, Plaintiff Butcher attended a Marion County Chamber of Commerce dinner at Fairmont State University with her partner, Jon Dodd. Upon information and belief, Defendant MCBOE and its affiliated board members were present at the dinner and sitting at a table together which was separate from Plaintiff Butcher's table. The people at the MCBOE table are believed to be Dr. Hage, Robin Haught (Dr. Hage's Secretary), Andy Neptune (Defendant MCBOE's Administrative Assistant), Mr. Farley, Nacy Farley, and Mr. DeLorenzo.

14. Upon information and belief, Dr. Hage and Mr. DeLorenzo were present during the aforementioned dinner and witnessed Plaintiff Butcher at the dinner.

15. At the dinner, Plaintiff Butcher saw the people at Defendant MCBOE's table staring at her. Plaintiff Butcher believed those at Defendant MCBOE's table were talking about her.

---

[1] Upon information and belief, this individual had the last name "Hage" at the time of the incidents herein but now has the last name "Heston."

16. After the dinner, a colleague informed Plaintiff Butcher that Dr. Hage, Maddy Vincent, Robin Haught, and another female were talking about how Plaintiff Butcher had been at the dinner and did not look that sick. Upon information and belief, these four individuals were not Plaintiff Butcher's treating physicians and therefore were not qualified to speak on the severity Plaintiff Butcher's condition.

17. Upon information and belief, Plaintiff Butcher submitted another request for leave on August 13, 2021, to Defendant MCBOE by and through Dr. Hage.

18. On or around August 18, 2021, Mr. DeLorenzo contacted Plaintiff Butcher regarding her time-off request on August 13, 2021. Upon information and belief, Mr. DeLorenzo informed Plaintiff Butcher that she had exhausted her time-off options.

19. On or around August 19, 2021, Plaintiff Butcher sent an email to Mr. DeLorenzo requesting the name of the policy regarding the limitations on her time-off. Mr. DeLorenzo responded with Marion County Policy 4430.04.

20. Marion County Policy 4430.04 relates to pregnancy, childbirth, adoptive, or infant bonding leave. None of these scenarios relate to Plaintiff Butcher's condition.

21. On or around August 26, 2021, Mr. DeLorenzo informed Plaintiff Butcher that the Board of Education could not approve her request for leave since she had taken a year in leave, but instead provided her three options: return to work, resign, or enroll in a leave-donation program.

22. On or around August 29, 2021, Plaintiff Butcher submitted, by email, a list of reasons debating the Marion County policy Mr. DeLorenzo cited in denying Plaintiff Butcher's request for leave. Mr. DeLorenzo responded on or around August 30, 2021, and upheld that Dr. Hage intended to deny her leave.

23. On or around September 1, 2021, and September 2, 2021, Plaintiff Butcher manually submitted requests for leave by email to Mr. DeLorenzo. On September 2, 2021, Mr. DeLorenzo responded to the request and told Plaintiff Butcher to submit her leave requests on a program called "Eschool." Plaintiff Butcher was never instructed on how to use this program.

24. On or around October 13, 2021, a Level One Grievance hearing was held regarding Defendant MCBOE's denial of Plaintiff Butcher's request for leave.

25. On or around November 15, 2021, Defendant MCBOE approved a new revision of the Personal Leave Policy with a new stipulation stating employees are allowed a maximum of twelve weeks of unpaid medical leave in a twelve-month period.

26. On or around December 15, 2021, Plaintiff Butcher received a letter from Mr. DeLorenzo stating Plaintiff Butcher's leave had run out and needed to appear January 3, 2022, to have a meeting regarding her employment with Defendant MCBOE.

27. On or around January 3, 2022, Plaintiff Butcher attended the aforementioned meeting, in which Plaintiff Butcher's leave was extended and she was led to believe would continue to retain insurance benefits from Defendant.

28. On or around August 22, 2022, Plaintiff Butcher received another letter from Mr. DeLorenzo in which she was again informed she was absent without leave and needed to schedule another meeting to discuss her employment with Defendant MCBOE.

29. Upon information and belief, Plaintiff Butcher attended a meeting on or around October 6, 2022, to discuss her employment, in which Plaintiff Butcher was informed that Mr. DeLorenzo and Dr. Hage would be recommending that she be terminated during a board meeting on or around October 17, 2022.

30. On or around October 17, 2022, Defendant MCBOE gathered to discuss Plaintiff Butcher's termination recommendation.

31. On or around October 17, 2022, Defendant MCBOE wrongfully, recklessly, carelessly, willfully, wantonly, and unlawfully terminated Plaintiff Butcher during a Board of Education meeting.

32. Upon information and belief, other employees were provided medical leave and were not held to the same one-year leave policy cited by Defendant MCBOE in Plaintiff Butcher's termination.

33. As a direct and proximate result of the acts and omissions described herein, Plaintiff Butcher was injured and damages are hereinafter set forth.

## COUNT I: DISABILITY DISCRIMINATION

34. Plaintiff Butcher hereby realleges each and every allegation contained in Paragraphs One (1) through Thirty-Three (33) of this Complaint as if fully rewritten herein.

35. Subsequent to her cancer diagnosis, Plaintiff Butcher was limited in her ability to perform her work duties and daily life duties due to extreme pain and weakening strength from her cancer treatments. Said cancer diagnosis constituted as a disability.

36. Based upon information and belief, Defendant MCBOE had actual and/or constructive knowledge of said disability.

37. Plaintiff Butcher was treated in a disparate manner based at least in part upon her disabilities; said disparate treatment includes but is not limited to unlawful termination, denying her un-paid leave for cancer treatments, changing board policies to retaliate against Plaintiff Butcher for needing time off because of her disability, changing the Custodian I/II job description to restrict make the job duties impossible for Plaintiff Butcher to complete

even as her health eventually improves, and failing to timely and accurately communicate when absences were excused.

38. Based upon information and belief, Defendant MCBOE had actual and/or constructive knowledge of said disparate treatment and acquiesced in and/or failed to take action to remedy the same.

39. Defendant MCBOE has discriminated against Plaintiff Butcher on the basis of her disability in violation of The West Virginia Human Rights Act [W. Va. Code § 5-11-1 *et seq.*], including but not limited to failing to afford Plaintiff Butcher reasonable accommodations to allow Plaintiff Butcher time off for her cancer treatments, and the Defendant MCBOE cannot demonstrate that the accommodations would have imposed an undue hardship on the operation of its business. Defendant MCBOE could reasonably provide said accommodations as upon information and belief, Defendant MCBOE had allowed Plaintiff Butcher time off before; however, Defendant MCBOE failed to acknowledge or address and follow through with said requests.

40. Upon information and belief, other employees were afforded the opportunity to take leave as an accommodation and Defendant MCBOE did not hold these employees to a one-year leave policy.

41. As a direct and proximate result of the acts and/or omissions described herein, Plaintiff Butcher suffered injuries, damages, and losses as hereinafter set forth.

42. Defendant MCBOE's unlawful and discriminatory actions constitute malicious, willful, and wanton violations of The West Virginia Human Rights Act for which Plaintiff Butcher is entitled to an award of punitive damages.

**COUNT II: FAILURE TO PROVIDE ACCOMMODATION**

43. Plaintiff Butcher hereby realleges each and every allegation contained in Paragraphs One

(1) through Forty-Two (42) of this Complaint as if fully rewritten herein.

44. Defendant MCBOE were fully aware of Plaintiff Butcher's disability as previously described.

45. When Plaintiff Butcher informed Defendant MCBOE that her physician had recommended time-off for cancer treatment, Plaintiff Butcher inquired about leave.

46. Leave is a valid form of accommodation which Plaintiff Butcher required.

47. Upon information and belief, Defendant MCBOE could have reasonably continued to provide said accommodations, however, Defendant MCBOE cut Plaintiff Butcher's time off, claiming she had exhausted available paid and unpaid leave.

48. Further, Defendant MCBOE failed to have proper policies and procedures in place and/or failed to train on the policies and procedures regarding: employees with disabilities, accommodations, paid/unpaid leave, and getting employees back to work.

49. As a direct and proximate result of the acts and/or omissions described herein, Plaintiff Butcher suffered injuries, damages, and losses hereinafter set forth.

## COUNT III: TORT OF OUTRAGE

50. Plaintiff Butcher realleges each and every allegation contained in Paragraphs One (1) through Forty-Nine (49) of this Complaint as if fully rewritten herein.

51. The wrongful termination acts and/or omissions taken against Plaintiff Butcher by Defendant MCBOE were done in a severe and outrageous manner and were so extreme as to be intolerable in a civilized society. Such acts include but are not limited to informing Plaintiff Butcher, while she was in pre-op that her leave was not approved; developing policies to retaliate against Plaintiff Butcher; terminating Plaintiff Butcher; and spreading rumors about how Plaintiff Butcher did not look sick even though she had provided ample medical documentation of her illness.

52. Defendant MCBOE acted intentionally and recklessly which caused Plaintiff Butcher extreme emotional distress. Plaintiff Butcher experiences an increase in Post Traumatic Stress Disorder symptoms, hives when experiencing work related stress, and fear of leaving the house because of the rumors and negative employment consequences she received after the August 2021 chamber dinner.

53. Defendant MCBOE knew that said intentional and reckless actions would cause Plaintiff Butcher to suffer extreme emotional distress.

54. As a direct and proximate result of the outrageous and wrongful actions aforesaid, Plaintiff Butcher has suffered injuries, damages, and losses as hereinafter set forth.

## DAMAGES

55. Plaintiff Butcher hereby realleges each and every allegation contained in paragraphs One (1) through Fifty-Four (54) of this Complaint as if fully rewritten herein.

56. As a direct and proximate result of the acts and/or omissions of Defendant MCBOE, as herein alleged, Plaintiff Butcher has been caused to suffer injuries, damages, and losses including but not limited to: back pay, lost benefits, front pay, future loss of benefits, emotional distress, anxiety, fear, embarrassment, humiliations, financial hardship, punitive damages as may ultimately be pled and provided, attorney fees, and all other such relief as the Court deems proper.

57. All of the acts of Defendant MCBOE Marion County Board of Education and their agents, servants, and employees, as alleged in each count of this Complaint were willful, wanton, and malicious and/or reckless disregard for the civil rights of Plaintiff Butcher.

WHEREFORE, Stacy L. Butcher, demands judgement against Defendant MCBOE, Marion County Board of Education, in an amount in excess of the minimum jurisdictional limits of compensatory damages, plus interest and costs and such further relief as a Court or jury may

find just. Together with punitive damages against the Defendant MCBOE, in an amount that will punish Defendant MCBOE from committing this type of conduct in the State of West Virginia in the future, and by setting an example, deter others from committing this type of conduct in the State of West Virginia in the future and in such amount as will satisfy all other reasons of law and public policy for an award of punitive or exemplary damages; and Plaintiff Butcher further prays for an award of attorney fees, costs, interests, and for such other relief as the Court or jury deems just.

### **PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES**

Respectfully submitted,

Stacy L. Butcher

IN THE UNITED STATES DISTRCIT COURT

FOR THE NORTHERN DISCTRICT OF WEST VIRGINIA

CLARKSBURG

STACY L. BUTCHER

    Plaintiff,

v.                                       Civil Case No.: 1:23-CV-73 (JUDGE KLEEH)

MARION COUNTY BOARD OF
EDUCATION,

    Defendant.

### Certification of Service

I hereby certify that I will, on the 5th day of October, 2023 serve upon the defendant true copy of the plaintiff's amended complaint by depositing a true copy thereof in the United States mail to the defendant Marion County Board of Education's council STEPTOE & JOHNSON PLLC as follows:

STEPTOE & JOHNSON PLLC
Susan L. Deniker (WV Bar ID #7992)
400 While Oaks Boulevard
Bridgeport, WV 26330-4500

                                                       Stacy L. Butcher

*/s/ Stacy L. Butcher*